**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Brandon Sample,   Civ. No. 09-1943 (PAM/JJK)

      Petitioner,

v.   **REPORT AND RECOMMENDATION**

Wendy Roal,

      Respondent.

Brandon Sample, #33949-037, FMC, P.O. Box 1000, Duluth, MN 55814, *pro se*.

Jeffrey M. Bryan, Assistant United States Attorney, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Specifically, Petitioner challenges the restitution portion of the federal sentence that he is presently serving at the federal prison in Duluth. The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, this Court recommends that Petitioner's Petition for habeas corpus relief be denied.

## BACKGROUND

Petitioner is serving a 168-month sentence imposed by United States District Judge Nancy F. Atlas, of the United States District Court, District of Texas (Houston), on March 1, 2001, after entering a guilty plea to charges of conspiracy (18 U.S.C. § 372); conspiracy to launder funds (18 U.S.C. § 1956(h)); possession of counterfeit securities (18 U.S.C. § 513(a)); possession of stolen mail matter (18 U.S.C. § 1708); and interstate transportation of stolen securities (18 U.S.C. § 2314). Petitioner, along with four other individuals, purchased large quantities of postage stamps with counterfeit and stolen personal checks from post offices across the country. The stamps were later sold at a discount to stamp dealers and businesses throughout the United States. At the time of the offense, Petitioner was 19 years old; he is now 29.

The district court ordered Petitioner to pay $275,000 in restitution to the United States Postal Service, and a special assessment of $1,800. Petitioner did not object at sentencing to the order of restitution. He filed a direct appeal of his conviction and sentence, but did not challenge the restitution order on appeal. The Fifth Circuit Court of Appeals rejected Petitioner's direct appeal and affirmed the judgment of the district court.

Although he did not challenge the restitution order on direct appeal, Petitioner has over the years since his sentencing in 2001, challenged various

aspects of the restitution order. In May 2001, for example, Petitioner complained to the sentencing court about the Bureau of Prisons ("BOP") withdrawing funds from his inmate trust account to make installment payments toward his restitution during his incarceration. The sentencing court denied Petitioner's request that his restitution payments not be deducted from his BOP financial account.

In March 2003, Petitioner brought a motion, pursuant to 28 U.S.C. § 2255, for the sentencing court to vacate, set aside, or correct his sentence. Petitioner argued that he had received ineffective assistance of counsel because his attorney had allegedly advised him that he would escape restitution because of his inability to pay. Petitioner also argued defects at sentencing and he challenged the delegation to the BOP as to the timing and amount of restitution payments to be made while in custody. In addition, Petitioner argued that his counsel on direct appeal failed to assert these various § 2255 claims. The district court denied his § 2255 motion, and the decision was affirmed by the Fifth Circuit on July 2, 2004.

In March 2006, Petitioner sought a modification of the district court's restitution payment schedule based on a number of reasons, including allegations of changed circumstances. The court denied the motion because it found no change in Petitioner's economic circumstances since sentencing.

3

In April 2007, Petitioner brought another motion before the sentencing court concerning the restitution order, again trying to stop the BOP from making withdrawals from his prisoner trust account for the purpose of paying the restitution. This time, Plaintiff argued that the court's June 2001 Amended Judgment did not conform with the court's oral pronouncement at sentencing. The court rejected this motion as grossly untimely with respect to challenging the June 2001 Amended Judgment and stated that the operative judgment in this case was the Amended Judgment dated July 27, 2006, to which Petitioner did not appeal, and became final in mid-2006. Petitioner appealed the court's decision to the Fifth Circuit Court of Appeals, but subsequently dismissed the appeal.

On July 27, 2009, Petitioner filed this § 2241 Petition in which he claims that his sentencing counsel was ineffective for failing to request a complete waiver of statutory interest on the $275,000 restitution obligation; this interest will begin to accrue upon Petitioner's release from the service of his sentence in 2012. Petitioner seeks an order from this Court relieving Petitioner of his obligation to pay this statutory interest.

The constitutional ground for Petitioner's habeas claim is the alleged violation of Petitioner's Sixth Amendment right to counsel. Although Petitioner's sentencing attorney, Richard Kuniansky, made a request at the March 1, 2001

4

sentencing hearing that restitution payments be postponed until Petitioner's release from prison, he did not ask the court to completely waive the interest-payment requirement. After imposing the $275,000 restitution requirement, the sentencing court did order postponement of "all . . . interest until 30 days after release from custody." (Doc. No. 3, Mem. of Law in Supp. of Pet. for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Pet'rs Mem.") 4 (quoting the underlying transcript).)

## DISCUSSION

According to Petitioner, "[t]his case presents an issue of first impression in the Eighth Circuit regarding whether a federal prisoner may use the so-called 'savings clause' of 28 U.S.C. § 2255 to bring a restitution related claim of ineffective assistance via a 28 U.S.C. § 2241 petition." (Pet'rs Mem. 1.) Petitioner argues that because a federal prisoner cannot use § 2255 to challenge a restitution order, the prisoner can use § 2241 to bring such a restitution challenge because § 2255 is inadequate or ineffective. The first part of Petitioner's argument is true: "[A] federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody." *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003). However, this does not mean that Petitioner can use a § 2241 habeas petition to challenge the

5

restitution portion of his sentence.  Since Petitioner in no way challenges his custody or confinement, his claim is not appropriately raised under § 2241 either:

> A § 2241 motion cannot challenge [Petitioner's] restitution order any more than a § 2255 motion can.  We have held that "a habeas petition under § 2241 may be granted only if the challenged state action 'affected the duration of the petitioner's custody.'"  *Wilson v. Jones*, 530 F.3d 1113, 1120 (10th Cir. 2005) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (alterations omitted); *see also* 28 U.S.C. § 2241(c).  The challenge to the restitution portion of his sentence in no way challenges his custody, so it cannot be brought under § 2241.

*Satterfield v. Scibana*, 275 Fed. Appx. 808, 810 (10th Cir. 2008) (footnote omitted); *see also, Campbell v. United States*, 330 Fed. Appx. 482, 483 (5th Cir. 2009) ("[A] monetary penalty is not a sufficient restraint on liberty to meet the 'in custody' requirements of § 2255 or § 2241."); *Lara v. Smith*, 132 Fed. Appx. 420, 421 (3d Cir. 2005) (stating that challenging the validity of a restitution order "is not a claim cognizable in a § 2241 petition").

Petitioner argues that this Court can grant the habeas relief he seeks—modification of the restitution order to waive post-confinement accrual of interest—because habeas jurisdiction is established if the prisoner is "in custody under or by color of the authority of the United States."  28 U.S.C. § 2241(c)(1); *Munaf v. Geren*, 128 S. Ct. 2207, 2216 (2008) (stating that "§ 2241(c)(1) makes clear that actual custody of the United States suffices for jurisdiction").  But the fact that custody is a prerequisite for the Court's exercise of habeas jurisdiction

6

does not mean that the Court can exercise that jurisdiction to grant any type of relief that a habeas petitioner requests. As the Supreme Court noted in *Munaf*, a habeas court is not bound in every case "to issue the writ." 128 S.Ct. at 2220. Not only do limits on habeas arise from the common-law origins of habeas as being governed by equitable principles, which required the petitioner to demonstrate why the extraordinary power of the court should be exercised, they also are rooted in the language of the statute itself. Section 2241(a) says, for example, that the writ of habeas corpus "*may* be granted," and § 2243 "directs federal courts to dispose of [habeas petitions] as law and justice require[.]" *Id.* at 2221 (emphasis added). A claim such as the one at issue here, which does not contest the legality or constitutionality of the sentence or the length of the imposed term of confinement, does not precipitate habeas relief within the scope of the federal statute that governs.

Petitioner argues, however, that this case involves "extraordinary circumstances" which should allow him to bring a § 2241 habeas petition. Specifically, he alleges that his attorney was constitutionally ineffective for failing to seek a waiver of the statutory interest that will begin to accrue when Petitioner is released from prison in 2012. Petitioner cites *Dohrmann v. United States*, 442 F.3d 1279 (11th Cir. 2006), as support for the proposition that this type of

7

extraordinary circumstance entitles Petitioner to § 2241 relief in a collateral proceeding. However, *Dohrmann* provides no such support.

In that case, Dohrmann appealed a district court order denying his § 2241 petition for a writ of habeas corpus, arguing that the district court erred by refusing to consider his challenge that the sentencing court's initial restitution calculation exceeded the maximum amount allowed under 18 U.S.C. § 3663. The Eleventh Circuit stated that a habeas petitioner, like Dohrmann, who has failed to argue a restitution order either at sentencing or on direct appeal cannot for the first time challenge the court's computation in a collateral proceeding absent exceptional circumstances. *Dohrmann*, 442 F.3d at 1280-81. Without reaching whether a defendant can challenge a restitution order in the context of a § 2241 petition, the Eleventh Circuit held that Dohrmann could not attack the sentencing court's initial restitution calculation, "because he failed to demonstrate the exceptional circumstances required in order for the court to hear such an argument in a collateral proceeding. He has not made any showing that is analogous to a showing of cause and prejudice to overcome a procedural default for failing to raise a claim." *Id.* at 1281. The Eleventh Circuit affirmed the district court's order denying Dohrmann's § 2241 habeas petition. *Id.* at 1282.

Since sentencing, Petitioner has filed three motions with the sentencing court challenging, in one way or another, his restitution order and has been

8

unsuccessful in those efforts. Petitioner's § 2241 habeas case is yet another attempt to avoid his restitutionary obligation. However, Petitioner, like the defendant in *Dohrmann*, did not contest his restitution order at sentencing or on appeal.

Moreover, Petitioner has not shown exceptional circumstances because he cannot meet the legal standard governing an ineffective-assistance-of-counsel claim as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, a Petitioner must demonstrate both constitutionally-deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000) (citing *Strickland*, 466 U.S. at 687). To prove prejudice, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 391. Here, Petitioner cannot make out the requisite showing of prejudice.

Petitioner argues that if his sentencing attorney had just asked Judge Atlas at sentencing to waive all the interest on the $276,800, then Judge Atlas would have clearly done so, his counsel "just needed to make the request." (Pet'rs Mem. 8.) However, the record shows that it is most likely that Judge Atlas would not have ordered any such thing, even if the request had been made. This is shown by rulings made by Judge Atlas during the years after the sentencing in

9

which she interpreted her restitution order.  For example, in June 2001, Petitioner attempted to get Judge Atlas to interpret the restitution order to mean that the BOP could not apply any monies sent to him by his parents while he was in prison to the payment of the restitutionary obligation.  To support this argument, Petitioner referred to a comment that Judge Atlas may have made at sentencing "that to the extent Defendant did not have the money to pay restitution, payments and interest would be postponed until Defendant was released." (Doc. No. 15, Decl. of Theresa Villarreal ("Villarreal Decl.") ¶ 3, Attahc. 2 at 21.)  Judge Atlas later explained that her comment was only intended to indicate that, at the time of sentencing, Petitioner appeared to have no assets and thus collection of the restitution was not feasible, but the court was not addressing circumstances such as the receipt of monetary gifts from Petitioner's family when he was in prison. Judge Atlas also stated that the Court "did not intend by its comment to delay Defendant's entire restitution obligation or to prevent the BOP from carrying out its ordinary procedures of requiring installment payments from prisoners who acquire funds subject to the control of the BOP." (*Id.*)  The court noted that the judgment of restitution required that payments were due in installments to commence 30 days after release from custody and that the U.S. Probation Office "shall pursue collection of the amount due[.]"  (*Id.*)

In 2006, Petitioner brought a motion to modify the restitution order to reduce the $275,000 obligation to $2,500, paid in installments, plus 1,000 hours of unspecified community service to unidentified organizations when he was placed on supervised release at the end of his prison term. In denying this modification, Judge Atlas stated:

> [Petitioner] is highly intelligent and literate, as evidenced by his numerous pleadings filed in this case before and since his incarceration. [Petitioner] has the same earning capacity upon his release from custody that he had when he was sentenced. He does not otherwise demonstrate that his economic circumstances have changed in any way since the imposition of his sentence, and thus his present financial status is no different from that contemplated by the Court when it imposed the restitution order. Accordingly, [Petitioner] is not entitled to relief from the restitution payment order under 18 U.S.C. § 3664(k).

(Villarreal Decl. ¶ 3, Attach. 4 at 16.)

The logical inference from these post-sentencing opinions by Judge Atlas is that there is no reasonable probability that, if Petitioner's sentencing counsel had requested Judge Atlas to waive all future interest on the $275,000 restitutionary obligation, Judge Atlas would have done so. Thus, Petitioner cannot show the requisite prejudice under *Strickland*, nor can he demonstrate that the allegedly deficient performance of his sentencing counsel "caused the outcome to be unreliable or the proceeding to be fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Thus, there are no "extraordinary circumstances" that would allow Petitioner to bring a § 2241 habeas petition.

11

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Date: March 1, 2010

                                    *s/ Jeffrey J. Keyes*
                                    JEFFREY J. KEYES
                                    United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 15, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.