UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brandon Sample,                                                    Civ. No. 09-1943 (PAM/JJK)

                Petitioner,

v.                                                                 **MEMORANDUM AND ORDER**

Wendy Roal,

                Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes, issued on March 1, 2010. Petitioner Brandon Sample is presently incarcerated at the federal prison located in Duluth, Minnesota. Sample filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2441, alleging that his Sixth Amendment right to counsel was violated when his attorney failed at the sentencing hearing to request a waiver of statutory interest on Sample's $275,000 restitution obligation.

Sample's attorney at the March 1, 2001, sentencing requested that restitution payments be postponed until Petitioner is released from prison. The attorney did not request that the sentencing court waive the requirement that Sample pay interest on his restitution. The sentencing court postponed both the payments and interest until 30 days after Sample was released from custody. Sample argues that had his attorney requested a complete waiver of interest, the sentencing court likely would have ordered such a waiver.

In the R&R, Magistrate Judge Keyes recommended denial of Sample's Petition and dismissal of this action. First, the R&R concluded that § 2241 does not provide a means of

redress for Sample because his claim "does not contest the legality or constitutionality of the sentence or the length of the imposed term of confinement" and therefore "does not precipitate habeas relief within the scope of the federal statute that governs." (R&R (Docket No. 20) at 7.) Sample argued that his case presents the kind of exceptional circumstances that could give rise to a § 2241 claim under Dorhmann v. United States, 442 F.3d 1279 (11th Cir. 2006). The R&R held that Dorhmann does not apply, but explained that even if it did, Sample was not entitled to relief under Dorhmann because he cannot (1) overcome his procedural default for failing to raise a claim at sentencing or on appeal, or (2) meet the legal standard necessary to prove an ineffective-assistance-of-counsel claim. (Id. at 8-9.) Sample raises objections to all of the R&R's determinations.

**DISCUSSION**

Under the plain language of the statute, a federal court may entertain a habeas petition so long as the petitioner is "in the custody under or by color of the authority of the United States . . . ." 28 U.S.C. § 2441(c)(1). As Sample recognizes, "[c]ourts are 'not bound' to grant habeas relief in every case;" common-law principles as well as statutory language articulate limitations on when writ should issue. (Pet.'s Objs. at 5).

The R&R concluded that Sample's claim was not appropriately raised under § 2241 because he was not challenging his custody or confinement. (R&R at 6 (citing Satterfield v. Scibana, 275 Fed. Appx. 808, 810 (10th Cir. 2008).) Sample argues that Satterfield relied on § 2241(c)(3), extending the writ to prisoners who are "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). On the

2

contrary, Sample relies on § 2441(c)(1) which extends writ to a prisoner "in custody under or by color of authority of the United States." 28 U.S.C. § 2241(c)(1).

However, Sample recognizes that § 2241(c)(1) sets a basic threshold and that the court is not bound to issue writ in all cases meeting that requirement. "The principle that a habeas court is 'not bound in every case' to issue writ follows from the precatory language of the habeas statute, and from its common law origins." Munaf v. Geren, 128 S. Ct. 2207, 2220-2221 (2008). "Habeas is at its core a remedy for unlawful executive detention," id. at 2221 (citing Hamdi v. Rumsfeld, 542 U.S. 507, 536 (2004)), and the "traditional function of writ is to secure release from illegal custody," id. (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)). Because Sample does not contest his detention, or even matters related to his detention, Sample's Petition does not fall under this core, traditional function of the writ.

Sample points to Dohrmann v. United States, 442 F.3d 1279 (11th Cir. 2006), and argues that his case poses exceptional circumstances entitling him to relief under § 2241. Dohrmann is not an Eighth Circuit case and does not bind this Court. Further, as the R&R explained, Dohrmann does not stand for the proposition for which Sample cites it. In Dohrmann, the Eleventh Circuit explicitly stated that it had not previously addressed whether a petitioner could "challenge a restitution order in the context of a 28 U.S.C. § 2241 petition," and it declined to decide that issue in resolving the case. Id. at 1280-81.

Instead, the Eleventh Circuit relied on a procedural bar to dismiss the case before it, holding that "a petitioner who failed to contest a restitution order either at sentencing or on direct appeal cannot for the first time challenge the district court's initial restitution

3

calculation in a collateral proceeding, absent exception circumstances." Id. (citing Cani v. United States, 331 F.3d 1210, 1213-14 (11th Cir. 2003).

Since the holding in Dohrmann, the Eleventh Circuit has explicitly decided whether "a [federal] prisoner can collaterally attack just the restitution part of his sentence by seeking a writ of habeas corpus under section 2241." Arnaiz v. Warden, Federal Satellite Low, 594 F.3d 1326, 1328 (11th Cir. 2010). The court explained that "[i]t is clear, not only from the language of [the statutes], but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ." Id. at 1329 (quoting Preiser, 411 U.S. at 484). Because "a successful challenge to the restitution part of his sentence would, in no way, provide relief for the physical confinement supplying the custody necessary for federal habeas jurisdiction," the Court held that § 2241 does not extend to federal prisoners challenging their restitution. Id.

The Court agrees with the Eleventh Circuit's holding. As the United States Supreme Court has repeatedly stated, the writ of habeas corpus is, at its core, a means to challenge custody. E.g., Munaf, 128 S. Ct. at 2220-2221. Sample does not seek to challenge his custody and the relief he seeks would not impact his custody. Thus, his Petition does not raise claims which entitle him to writ under § 2241.

Further, even if the Court were to permit Sample to challenge his restitution, the Court agrees with the R&R's analysis of his ineffective-assistance-of-counsel claims. In order to succeed on an ineffective-assistance-of-counsel claim, Sample has the burden to prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of

4

the proceeding would have been different." Williams v. Taylor, 529 U.S. 362, 391 (2000). The Court has reviewed the evidence submitted by Sample, including the new transcript pages which were recently produced at Sample's request. The Court agrees with the R&R that Sample has failed to establish an ineffective-assistance-of-counsel claim.

**CONCLUSION**

The writ of habeas corpus is, at its core, reserved for prisoners challenging their custody. Because Sample does not raise claims related to his custody, he has failed to raise claims that could entitle him to habeas relief. Accordingly, **IT IS HEREBY ORDERED that:**

1. The Court **ADOPTS** the recommendation of the R&R (Docket No. 20);

2. Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

3. This matter is **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Friday, May 21, 2010

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court